UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PAULA DE REAL,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO.: 5:17-cv-00573-FFM<br><br>**MEMORANDUM DECISION AND ORDER** |

    Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("SSA"), who denied her July 8, 2013, application for supplemental security income (the "Application") pursuant to Title XVI of the Social Security Act (the "Act"). (Administrative Record ("AR") 200-06.) The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the United States Magistrate Judge. Pursuant to the Case Management Order filed on March 31, 2017, the parties filed a Joint Stipulation ("JS") detailing their respective arguments and authorities. (Docket No. 27.)

/ / /

/ / /

1

The Court has reviewed the parties' Joint Stipulation and the record in this matter. For the reasons discussed below, the decision of the Commissioner challenged in this action is affirmed.

## I. PROCEDURAL HISTORY

Plaintiff, a 44 year-old woman with a high school education, protectively filed her Application on July 8, 2013, which the Administration denied initially and on reconsideration. (AR 51, 143-47, 154-59, 200-06.) The matter was heard before an Administrative Law Judge ("ALJ") on July 30, 2015. (AR 25-53.) The ALJ issued a decision denying Plaintiff's claim on September 11, 2015. (AR 16-35.) In his decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity since June 3, 2013, which the ALJ states was the application date.[1] (AR 21.)

The ALJ further found that Plaintiff suffered the following severe impairments:

1. Degenerative disc disease of the lumbar spine; and
2. Obesity.

(AR 22.)

The ALJ further found that the following impairments of Plaintiff are nonsevere:

1. Post transient ischemic attack;
2. Diabetes mellitus;
3. Hypertension;
4. History of drug addition;
5. Adjustment disorder with depressed mood; and
6. Posttraumatic stress disorder.

///

---

[1] The Application Summary for Supplemental Security Income lists the application date as July 8, 2013. (AR 200.)

The ALJ ultimately determined that Plaintiff does not have an impairment that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 24.)

The ALJ determined that Plaintiff still had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 416.967(c), and in so determining, articulated several exceptions. (AR 25.) Specifically, the ALJ found that Plaintiff can lift and/or carry 50 pounds occasionally and 25 pounds frequently, she can stand and/or walk for six hours out of an eight-hour workday with regular breaks, she can sit for six hours out of an eight-hour workday with regular breaks, she can frequently bend, kneel, stoop, crouch and crawl, she can occasionally climb ramps and stairs, and she cannot climb ladders, ropes and scaffolds. (AR 25.) The ALJ found that, although Plaintiff has no past relevant work, she could perform the requirements of Industrial Cleaner, Linen Room Attendant, and Furniture Cleaner and therefore is not disabled under the Act. (AR 29-30.)

On January 24, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (AR 1-4.) Thus, it stands as the Commissioner's final decision.

## II. STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free from legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

## III. ISSUE IN DISPUTE

The sole issue in dispute is whether the ALJ properly considered Plaintiff's testimony.

## IV. DISCUSSION

In determining a claimant's credibility, an ALJ must engage in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 quoting *Bunnell v. Sullivan*, 947 F.2d 344 (9th Cir. 1991) (en banc). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted); *see also Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) ("The ALJ must cite the reasons why the claimant's testimony is unpersuasive.") (citation and quotation marks omitted).

Plaintiff need not demonstrate that her impairment "could reasonably be expected to cause the severity of the symptom alleged. . . ." *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). Rather, Plaintiff carries the lesser burden of proving only "that [her impairment(s)] could reasonably have caused some degree of the symptoms." *Id.* Here, Plaintiff meets this standard because the record contains adequate objective medical evidence demonstrating an impairment that could reasonably produce some degree of back and leg pain, as alleged by Plaintiff. Indeed, the ALJ acknowledged that Plaintiff has pain in her low back and that her

4

medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (AR 26-27.) The ALJ also determined that Plaintiff's impairments of degenerative disc disease of the lumbar spine and obesity are severe. (AR 22.)

Thus, the Court next looks to the second step, and whether the ALJ's reasons for rejecting Plaintiff's testimony about the severity of her symptoms were specific, clear, and convincing. *See Lingenfelter*, 504 F.3d at 1036. For this analysis, the Court does not look to Plaintiff's testimony itself, but rather, at the ALJ's decision and the reasons articulated therein, to see if they meet the standard set forth in *Lingenfelter*, and by *Bunnell* before it. *See Bunnell*, 947 F.2d at 344. Here, the ALJ concluded Plaintiff's allegations "concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 27.) The ALJ set forth three reasons why he discounted Plaintiff's testimony:

(1) Plaintiff's subjective allegations are exaggerated or too extreme in light of the objective medical evidence;

(2) Plaintiff has described activities of daily living which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations; and

(4) Plaintiff's sporadic work history raises a question as to whether her continuing unemployment is actually due to medical impairments.

(AR 26-27.)

As to the ALJ's first reason, that Plaintiff's subjective allegations are exaggerated or too extreme in light of the objective medical evidence, the record contains ample evidence to support the ALJ's finding. As the ALJ noted, the diagnostic imaging reports included terms such as "mild" in describing Plaintiff's lumbar defects. Specifically, the diagnostic imaging revealed no evidence of nerve root impingement, severe stenosis or fractures. (AR 317-20, 676-77.) In a

November 3, 2013, report, the orthopedic consultative examiner opined, based on this diagnostic imaging and the examiner's own physical examination, that Plaintiff's subjective complaints were "out of proportion" to the objective findings. (AR 328.) The orthopedic consultative examiner also noted that Plaintiff did not exhibit significant neurological deficits or muscle atrophy on physical examination. (AR 327.) As to Plaintiff's allegations of sciatica, the straight leg raise test was negative in the seated and supine positions bilaterally. (AR 326.) Although Plaintiff's treating physician, Dr. Akmakjian, concluded that Plaintiff is unable to work in the open labor market because of severe low back pain (AR 319), this bare conclusion is not helpful because it is unsupported by any analysis of the radiological findings or his examination.

      The ALJ also noted, erroneously, that Plaintiff was not described as a surgical candidate and that the record contains no prescription for an assistive device from either a treating or examining physician. (AR 26.) A September 6, 2011, record from Akmakjian Spine and General Orthopaedics Center states, "will probably need surgery," a September 1, 2015, record from Akmakjian Spine and General Orthopaedics Center states in the Treatment section, "May need fusion" and a December 1, 2015, record from Akmakjian Spine and General Orthopaedics Center states in the Treatment section, "may need surgery." (AR 680, 687-88.) The record contains a Proof of Delivery from Alcam Medical O&P, dated December 16, 2015, for a "cane adjust/fixed with tip." (AR 690.) A prior ALJ Decision, dated December 8, 2011, states that Plaintiff's walker was prescribed by Dr. Akmakjian. (AR 105.) The Court finds that, while the ALJ's statements regarding Plaintiff's need for surgery and the absence of a prescription for an assistive device were erroneous, the errors were harmless in light of the other objective medical evidence that is inconsistent with Plaintiff's subjective complaints.

However, because Plaintiff produced medical evidence of an underlying impairment, the ALJ could not discredit Plaintiff's testimony as to the severity of symptoms *solely* because they are unsupported by objective medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991). Therefore, this reason was insufficient, by itself, for the ALJ to find Plaintiff's testimony less than credible.

The ALJ's second reason for finding Plaintiff's testimony less than credible was that Plaintiff has described activities of daily living which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The Court finds that the record contains ample evidence supporting this as a basis for finding Plaintiff's testimony less than credible. In the August 6, 2013, Function Report, completed by Plaintiff, Plaintiff indicated that she cares for her children, takes care of her personal hygiene with assistance, performs daily household chores such as preparing simple meals, cleaning and making the bed, drives and shops in stores, handles funds, sews, does puzzles, socializes with family, takes her son to school, and attends church and community meetings. (AR 234-42.) In contrast, Plaintiff's allegations are that she cannot stand for more than 15 minutes, cannot walk more than 50 feet, cannot sit with her feet down for more than 15 minutes, cannot kneel, cannot climb more than three or four steps, and cannot use her hands for more than three to five minutes before experiencing pain. (AR 241.) One would not expect that a person who has those limitations to be able to engage in the activities described in the Function Report. (AR 234-42.) Accordingly, the ALJ properly considered these activities in finding Plaintiff's testimony less than credible.

The ALJ's third reason for finding Plaintiff's testimony less than credible was that Plaintiff's sporadic work history raises a question as to whether her continuing unemployment is actually due to medical impairments. A plaintiff's poor work history is a legitimate factor to consider in determining whether

7

Plaintiff's testimony was credible. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir.2002). Plaintiff was 42 years old on January 5, 2012, the date she alleges her disability began. (AR 200.) The record evidence demonstrates that Plaintiff worked only sporadically prior to the alleged disability onset date. Plaintiff's Work History Report indicates that, in the 15 years before she alleges she became unable to work, Plaintiff's only employment was from March 2008 to March 2009 as a team leader at a fast food restaurant and for an unspecified time period in 2006 as a cashier at McDonald's. (AR 230.) Therefore, the Court finds that the ALJ properly considered Plaintiff's sporadic work history as a reason to find her testimony less than credible.

## V. CONCLUSION

The ALJ articulated three separate and appropriate reasons for finding Plaintiff's testimony less than credible. The Court finds that the ALJ's reasons for finding Plaintiff's testimony less than credible were specific, clear, and convincing. For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated: August 29, 2018

/s/ Frederick F. Mumm
HONORABLE FREDERICK F. MUMM
U.S. MAGISTRATE JUDGE